IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | |
| v. | * | Case No.: RWT 13cr282-2 |
| | * | |
| | * | |
| **LORENZO B. JACKSON,** | * | |
| | * | |
| Defendant. | * | |
| | *** | |

## MEMORANDUM OPINION AND ORDER

The Defendant has been charged by indictment with Conspiracy to Distribute and Possess with Intent to Distribute (1) one kilogram or more of a mixture and substance containing a detectable amount of phencyclidine, (2) five kilograms or more of a mixture and substance containing a detectable amount of cocaine, and (3) 28 grams or more of a mixture and substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 841. ECF No. 1. Following his arrest, on June 14, 2013, the Defendant was brought before United States Magistrate Judge Charles B. Day of the United States District Court for the District of Maryland for a detention hearing pursuant to 18 U.S.C. § 3142(f). After the hearing, Magistrate Judge Day entered an Order setting conditions of release. ECF No. 45.

After testing positive for use of PCP, marijuana, and benzodiazepines, the Defendant was placed in an in-patient drug treatment program. Shortly thereafter, the Defendant's reportedly uncooperative, disrespectful, and threatening behavior caused him to be discharged from the program and United States Magistrate Judge Jillyn K. Schulze conducted a further bail review hearing on July 17, 2013. ECF No. 73. In ordering the Defendant detained, Magistrate Judge Schulze considered that this was the Defendant's second violation in one month of release, that the violation involved disrespect and intimidating behavior directed toward the treatment

program staff, and that the Defendant had a 2012 conviction for physically offensive behavior. ECF No. 74.

On November 21, 2013, the Defendant filed a Request for a Detention Hearing. ECF No. 134. The hearing was held on November 26, 2013, and Magistrate Judge Day released the Defendant and issued an Order adding new conditions of release, including location monitoring restricted primarily to his residence and a prohibition from any use of alcohol. ECF No. 139. Between his release and May 16, 2014, the Defendant received four additional Notices of Apparent Violation all involving positive tests for alcohol.

On May 20, 2014, Magistrate Judge Day conducted a further bail review hearing. ECF No. 161. From the information produced at the hearing, Judge Day found (1) that the Defendant faces a maximum term of imprisonment of life, (2) by clear and convincing evidence that there is no condition or combination of conditions which will reasonably assure the defendant's presence at trial or as otherwise required, and (3) by clear and convincing evidence that there is no condition or combination of conditions which will reasonably assure community safety. *Id.* As additional reasons for detention, Judge Day cited the fact that the Defendant failed to comply with conditions of release, specifically continued alcohol use. *Id.*

On June 3, 2014, the Defendant filed a "Request for Review of Supervised Release." ECF No. 169. The request argued primarily that one intoximeter reading on April 22, 2014 produced an inaccurate blood alcohol content measurement. *Id.* A hearing was held on June 24, 2014 to consider the motion.

To address the Defendant's motion for review of the detention ruling, the Court conducted a de novo review of the detention order. *See United States v. Clark*, 865 F.2d 1433, 1436–38 (4th Cir. 1989). In conducting this review, the Court considered the Defendant's

motion, the findings of Judge Day, the written record before Judge Day, a recording of the prior detention hearing, the pretrial services report, and the arguments of counsel at the hearing.

The Defendant, based upon a finding of probable cause by the Grand Jury, has been charged with the commission of an offense for which the maximum term of imprisonment is life, as a result of which it is presumed that "no condition or combination of conditions will reasonably assure the safety of any other person and the community." 18 U.S.C. § 3142. The Court finds that the Defendant has failed to rebut this presumption. Even in the absence of the presumption, the Defendant has violated the terms of his supervised release on numerous occasions and the Court finds that there is no condition or combination of conditions which will reasonably assure community safety or the Defendant's presence at trial or as otherwise required. Accordingly, it is this 25th day of June, 2014, by the United States District Court for the District of Maryland,

**ORDERED**, that the Defendant's Motion for Review of Supervised Release Order (ECF No. 169) is **DENIED.**

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE